Ms. DeAnn Smith Reporter, UALR Forum
1604 West 30th Avenue Pine Bluff, AR 71603
Dear Ms. Smith:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. Your request is submitted pursuant to § 25-19-105(c)3) (B) (Cum. Supp. 1991).
Your question involves a University of Arkansas at Little Rock police officer who, according to your information, was disciplined in July. You state that it is your understanding that the officer had his temporary corporal stripes taken from him and his duties and shift were changed. You state that it is also your understanding that the officer appealed this decision, and the appeal was denied. Your specific question in this regard is as follows:
 Are the records, employee evaluations, job performance records, including preliminary notes and other materials used in making this decision public record based on the public's right to know?
I assume that your question relates to records pertaining to the disciplinary action taken against the officer. Such records would, in my opinion, generally fall within the provisions of the FOIA involving "employee evaluation or job performance records." A.C.A. § 25-19-105(c) (Cum. Supp. 1991). This office has previously stated that records relating an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See Att'y. Gen. Op. 91-303 (concerning the release of a written reprimand; copy enclosed). Such records are open to public inspection ". . . only upon final administrative resolution of any suspension or terminationproceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1991) (emphasis added).
Thus, if the officer in this instance was neither suspended nor terminated, it appears that the records would be exempt from public inspection and copying under the FOIA. The records are "public records." A.C.A. § 25-19-103. But they are not open to the public for examination and copying, in accordance with the above exemption for "employee evaluation or job performance records."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure